DOMENGEAUX, Judge
(dissenting).
Plaintiff’s evidence was less than overwhelming but sufficient to preponderate. There is evidence in the record to sustain the fact findings of the District Judge who stated:
“. . . The home owner moved into the house, and according to his testimony, and the proof of his witnesses, began to have trouble almost immediately with water blowing in the front door whenever there was a driving rain, causing a staining and discoloration of the carpet in the living room. Subsequently, some few months after moving in, the home owner began to experience difficulty with the plumbing, with the boxing around the eaves of the house, with the ceiling in the carport, with the molding in the kitchen. The contractor was contacted with respect to some plumbing difficulty, according to his testimony, and according to the testimony of all, the plumbing in the kitchen itself was repaired apparently by cutting a panel on the inside of the cabinet located below the sink, and taping up the masonite or wall covering contained underneath the sink, apparently with ordinary masking tape. The home owner complains that the boxing and the ceiling of the carport were made out of a defective material that will not withstand any ravages of weather in this area. The home owner’s backed up in this complaint by the testimony of the expert witness that the home owner obtained to come in and make an estimate for the repair of the house. The testimony of the defendant, and the testimony of the plaintiff, and of his wife, is almost directly contradictory in a great number of details. Apparently the contractor was doing his best to give as much home as he could for the price, however, it appears to the Court, in view of all the testimony, that he ended up with a home which was essentially unsatisfactory and defective in respects alleged by the defendant — I mean by the plaintiff. The Court has only the evidence on behalf of the defendant himself, no impartial or disinterested witnesses having appeared before the Court on behalf of the defendant. The only testimony the Court has as to the cost of repairing the defective conditions of the home is the testimony of Mr. Nolan J. Rogers, who has had some twenty-five years of experience building and repairing and renovating homes and commercial properties. Taking the entire matter into consideration, the Court does find that the home is defective in the particulars alleged by the plaintiff, and taking into consideration that the only estimate the Court has for putting the home in a condition where it should be, being that of Mr. Nolan J. Rogers, expert witness for the plaintiffs, the Court will find for the plaintiffs in the amount of Mr. Rogers estimate . .
For the above reasons, and for those assigned by Judge Watson, I respectfully dissent, and would affirm the District Court judgment.